**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Dawn Perez Dowling,<br><br>Plaintiff,<br><br>v.<br><br>Ramon F Moya, et al.,<br><br>Defendants. | **No. CV-24-00466-TUC-CKJ**<br><br>No. CV-24-00490-TUC-CKJ<br>No. CV-24-00481-TUC-CKJ<br>No. CV-24-00375-TUC-CKJ<br>No. CV-24-00373-TUC-CKJ<br>No. CV-24-03025-TUC-CKJ<br>No. CV-24-03026-TUC-CKJ<br>No. CV-24-03027-TUC-CKJ<br>No. CV-24-02208-TUC CKJ<br>No. CV-24-02206-TUC-CKJ<br><br>**ORDER** |

On October 21, 2024, this Court issued an Order notifying the Plaintiff that it intended to impose a vexatious litigant injunction that among other things might preclude her from continuing to file frivolous cases. (CV 24-00490 TUC-CKJ, Order (Doc. 5)).

Since then, the Plaintiff has filed three more cases, CV-24-03025-TUC-CKJ, V-24-03026-TUC-CKJ, and CV-24-03027-TUC-CKJ which have been transferred to this Court. Other cases have, likewise, been transferred to this Court in the interests of judicial economy. Fed. R. Civ. P. 42(a); LRCiv. 42.1(e). This Court has reviewed all the cases currently pending in the United States District Court for the District of Arizona, which in addition to the three new cases include the following: CV-24-00481-TUC-CKJ, CV-24-00466-TUC-CKJ, CV-24-00375-TUC-CKJ, CV-24-00373-TUC-CKJ, CV-24-03025-TUC-CKJ, CV-24-03026-TUC-CKJ, CV-24-03027-TUC-CKJ, CV-24-02208-TUC CKJ, and CV-24-02206-TUC-CKJ. In total, in determining that Plaintiff is a vexatious litigant

who has repeatedly filed frivolous cases, the Court has considered 28 cases filed by the Plaintiff, both here and in Phoenix. They have all been frivolous and, even when afforded an opportunity to amend, Plaintiff has instead filed another case. *See e.g.,* CV 24-374 TUC-RCC, CV 24-00490 TUC CKJ. The Court's October 21, 2024, Order warned Plaintiff that it might enjoin her from making further filings without paying the filing fees, if she continued such vexatious litigation, and cautioned her that further, even more restrictive, sanctions, may issue if she continues to waste judicial resources by filing frivolous actions. *Id.* at 9-10.

As she has continued to file frivolous lawsuits, the Court now imposes a vexatious litigant injunction, affords Plaintiff an opportunity to show cause in writing why she should not be subject to this injunction, denies Plaintiff *in forma pauperis* status in all the pending cases and dismisses them with prejudice.

### CV 24-00490 TUC-CKJ

On October 21, 2024, when the Court notified the Plaintiff that the approximately 15 cases reviewed by it were dismissed as frivolous, it granted her leave to amend the Complaint in CV 24-00490 TUC-CKJ. *Id.* at 5-8, 10-12. The Court explained deficiencies, especially her failure to allege any facts to support the claims she made in the Complaint. The Court explained that without such facts she failed to state a claim and failed to invoke the jurisdiction of this Court. All the cases, except CV 24-00490 TUC CKJ, failed to even mention the State of Arizona, name any Defendants residing in Arizona, or even allege that she is a resident of Arizona. Only because Plaintiff is *pro se,* the Court afforded her an opportunity to amend the Complaint in CV 24-00490 TUC CKJ to state a claim. Plaintiff did not file an Amended Complaint. *Id.* at 9. For all the reasons given in the Court's Order issued on October 21, 2024, in CV 24-00490-TUC CKJ (Doc. 5), this case is dismissed with prejudice. *Id.* at 7-9.

### CV-24-03025-TUC-CKJ, CV-24-03026-TUC-CKJ, CV-24-03027-TUC-CKJ

The Court has reviewed these cases. These Complaints are devoid of factual allegations. Plaintiff continues to summarily allege claims, such as fraud, kidnapping,

cyber stocking, assault, etc., without including even one factual allegation to show who committed what act that forms the bases for the alleged claims. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Ashcroft v Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 557 (2007)).

In CV 24-3025 TUC CKJ, Plaintiff alleges grand theft (vehicle theft), vandalism, robbery, stocking, harassment, etc. She alleges the claims arose in Arizona, Texas, and California. She names Defendants Arizona Vehicle Theft Task Force, Federal Bureau of Investigations (FBI) (Arizona), and FBI (Washington DC).

In CV 24-3026 TUC-CKJ, Plaintiff alleges claims of fraud, cyber, tort, malpractice (law), medical malpractice, kidnapping, assault, etc. She attaches documents to this Complaint that reflect in September of 2024, she sought and was denied a social security benefit hearing in New Jersey. She was represented by an attorney licensed in New Jersey. She filed a Request for Review of Hearing Decision on October 15, 2024. She names Defendants, including the Administrative Judge, involved in this social security proceeding. She alleges she is a citizen of Texas, New Jersey, Arizona, and the USA.

In CV 24-3027 TUC CKJ, Plaintiff alleges claims of child kidnapping and document fraud in relation to court documents. She attaches a Civil Action Order issued by the Superior Court of New Jersey, family court, from a child support hearing held on September 30, 2024. She was represented by counsel. She sues the court, the defendant and his attorney, and the North Arlington Police Department (New Jersey). The proceeding was held in New Jersey, all Defendants are located in New Jersey, and Plaintiff alleges she is a citizen of an "unknown state." The proceeding appears to be ongoing.

While Plaintiff may reside in many states, she may only be domiciled as a citizen of one state. *See McIntosh v. Maricopa Cty.*, 241 P.2d 801, 802 (Ariz. 1952) ("It is often said that a person may have several 'residences' but only one domicile.") A residence is of a more temporary character than domicile, with a person's domicile being their permanent

1  home, where they reside with the intention to remain or to which they intend to return. *Lew
2  v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). There is no suggestion in any of the
3  approximately 28 cases filed by the Plaintiff that she is domiciled in Arizona, i.e., a citizen
4  of the State of Arizona. As noted in its Order issued CV 24-490 TUC CKJ, Plaintiff fails
5  to allege any facts to invoke federal jurisdiction based on diversity, 28 U.S.C. § 1332, in
6  this venue, i.e., in Arizona. (CV 24-00490 TUC-CKJ, Order (Doc. 5) at 4.)

7        In all three new cases, Plaintiff provides her address as Cypress, Texas. This Court
8  notes that of the several Orders issued by it in October, nine were sent to the Plaintiff at
9  the Cypress, Texas, address and two were returned as undeliverable. The remaining Orders
10 issued in October were sent to Plaintiff at a Costa Mesa, California, address, without being
11 returned to the Court. Two Orders were sent to a New Jersey address and neither returned
12 as undeliverable. As noted in the Order issued by this Court in October, it is the Plaintiff's
13 responsibility to keep the Court informed of any change in address. *Id.* at 4. It appears she
14 likely remains in violation of the LRCiv. 83.3(d) and LRCiv. 83.3(c), which require her to
15 file a notice of a name or address change no later than 14 days before the effective date of
16 the change. The Court directs this Order to be issued in each case and sent to whichever
17 address is reflected for the case. In this way, Plaintiff will receive a copy of the Order at
18 her Texas, California, and New Jersey addresses.

19       Like the cases and for the reasons explained in the Court's Order issued in CV 24-
20 00490 TUC CKJ, these three new cases are factually and legally frivolous. She persistently
21 alleges her claims summarily, without including any supporting factual allegations. The
22 attached social security benefit and child support hearing documents allow the Court to
23 confirm its conclusion, that like all the other cases she has filed, the Plaintiff fails to state
24 a claim that invokes the jurisdiction of this Court, and it is not the proper venue. The Court
25 dismisses with prejudice, the following cases: CV-24-03025-TUC-CKJ, CV-24-03026-
26 TUC-CKJ, CV-24-03027-TUC-CKJ.
27 /////
28 /////

**CV-24-00481-TUC-CKJ, CV-24-00466-TUC-CKJ, CV-24-00375-TUC-CKJ, CV-24-00373-TUC-CKJ, CV-24-02208-TUC CKJ, and CV-24-02206-TUC-CKJ.**

Plaintiff files mirror cases, summarily alleging cyber, bank fraud, and terrorism in CV-24-02208-TUC CKJ against the federal district court in San Francisco and Superior Court of California, and in CV-24-02206-TUC-CKJ she names federal Defendants, Federal Trade Commission and the U.S. Department of Justice. In CV 24-00373, Plaintiff alleges claims of police brutality involving Defendants the Orange County Jail and the District Attorney's Office, California. In CV 24-00375 TUC-CKJ, she alleges cyber, harassment, assault, robbery against "Unknown" Defendants with the caption including the CISA, FBI, FTC, and the State of Arizona. In CV-24-00481-TUC-CKJ, she sues individuals in the Orange County Attorney's Office and other persons associated with a case brought in California against her for receiving stolen good involving a reportedly stolen rental car. In CV-24-00466-TUC-CKJ, like her new case CV 24-3027 TUC-CKJ, she alleges claims related to the child support proceedings in New Jersey of fraudulent court documents and hearings, and malpractice (law).

The above recitations are not summaries of the cases. The Court recites the Plaintiff's presentation of the claims in these cases. She includes nothing more in the Complaints by way of facts to reflect who did what, when or where. All the Complaints fail because they lack factual allegations showing she is entitled to relief or to envoke federal jurisdiction in this Court. Her presentations fail under *Iqbal* and *Twombly*.

**Conclusion**

Every Complaint fails because it is factually and legally frivolous. For all the reasons stated in the Order issued on October 21, 2024, the Complaints, first, fail to establish subject-matter jurisdiction and, second, fail to state a claim. The United States District Court for the District of Arizona is not the proper venue for these cases because the Complaints fail to reflect that Plaintiff is a citizen of this state or that the claims arose from events occurring in the State of Arizona.

Moreover, the Court must dismiss an *in forma pauperis* case at any time if the allegation of poverty is found to be untrue *or if it is determined that the action is frivolous or malicious,* or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2), *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (finding court should deny *in forma pauperis* status at the outset if face of complaint shows action is frivolous or without merit). *See Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (explaining *in forma pauperis* proceeding is a privilege not a right) The Court denies Plaintiff *in forma pauperis* status in all the pending cases. It does not afford Plaintiff an opportunity to pay the filing fee. The Court dismisses the *in forma pauperis* proceedings.

Ordinarily, the *pro se* litigant will be permitted to amend the complaint in order to state a plausible claim. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Dismissal without leave to amend is only proper if it is clear that the complaint could not be saved by any amendment. *Id.* The Court does not give Plaintiff leave to amend the deficient Complaints because it is clear that they cannot be cured by amendment, especially because there is a lack of venue in this Court over actions that did not occur in the State of Arizona.

Plaintiff has over the course of 28 cases, repeatedly filed legally and factually frivolous cases. After being given notice of pleading deficiencies and opportunities to amend, she has not made amendments, but instead she has filed additional cases which are equally frivolous. This Court has the power to regulate "abusive litigants" and impose pre-filing orders against vexatious litigants. (CV 24-490 TUC CKJ, Order (Doc. 5) at 9 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (1990)). The Court applies the Ninth Circuit's four-part test to determine if a Plaintiff qualifies as a vexatious litigant. *De Long*, 912 F.2d at 1147. The Court relies on the record reviewed in its Order issued October 21, 2024, and this Order, and the substantive findings contained in both that Plaintiff's actions have been frivolous and a demonstration of the abuse of the judicial system. The Court will narrowly tailor the injunction to address the deficiencies at hand and afford Plaintiff an opportunity to object.

**Accordingly,**

**IT IS ORDERED** that *in forma pauperis* status is denied in all Plaintiff's pending cases, and all the pending actions are dismissed with prejudice. The Clerk of the Court shall enter Judgments and close the cases. This Order shall be issued, and Judgments shall be entered in each case and sent to whichever address is reflected for that case.

**IT IS FURTHER ORDERED** that all future filings by Plaintiff in the United States District Court for the District of Arizona in any division shall be assigned to this Court.

**IT IS FURTHER ORDERED** that Plaintiff, under her name or any other name or alias or on behalf of any other person, is enjoined from filing or lodging any further complaints in any division of the United States District Court for the District of Arizona without paying the filing fee.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to proceed *in forma pauperis* in any future action, she must obtain leave of the Court by filing a Motion for Leave to File," and attaching a copy of the Complaint and Application to Proceed *In Forma Pauperis*. She must also include an affidavit certifying that the claim or claims presented are new and have not been raised by Plaintiff in a federal court and that to the best of Plaintiff's knowledge, the claim or claims presented are neither factually nor legally frivolous and are not taken in bad faith. The Plaintiff must attach a copy of the Complaint and an Application to Proceed *In Forma Pauperis* reflecting her financial circumstances.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not accept, shall not return, and shall discard every *in forma pauperis* lawsuit submitted by Plaintiff that is not accompanied by a Motion for Leave to File, the attached complaint, application for *in forma pauperis* status, and the certification- as required above.

**IT IS FURTHER ORDERED** that within 14 days of the filing date of this Order, Plaintiff may file an Objection to this Injunction to show cause why it should not be enforced against her. She may file the objection in CV 24-490 TUC-CKJ; it is not necessary to file the objection in the other cases which are dismissed here subsequent to the denial of *in forma pauperis* status.

**IT IS FURTHER ORDERED** that in the event the Plaintiff fails to file an Objection, this injunction shall be enforced by the Clerk of the Court without further directive from this Court. If Plaintiff files an Objection, the Court will rule accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain a copy of this Order in each division of the United States District Court for the District of Arizona.

Dated this 21st day of November, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge